# APRIL TERM 1883.

CYRUS H. FOUNTAIN v. MAYOR, ETC., OF JACKSON.

[See Ante, p. 15.]

*Municipal Salaries.*

Merely appropriating, for the payment of a municipal salary, a less amount than had been paid before is not to be construed as fixing the salary at the smaller sum, if the body making the appropriation continues to allow salary bills at the former rate.

Motion for rehearing. Submitted Apr. 4. Denied Apr. 5.

City Attorney *Charles A. Blair* for the motion.

*Gibson, Parkinson & Ashley* against.

PER CURIAM. Motion is made for a rehearing on the ground that a statute of 1879, which took from the board of public works and conferred upon the common council the power to fix the plaintiff's salary, was overlooked or not noticed by the Court in the opinion.

But that statute was unimportant to this controversy unless the council acted upon it. The facts as found are that the plaintiff, when the statute took effect, was receiving a salary of $1200 a year under a previous appointment; that this continued to be paid until the spring of 1880, when the common council, in the annual appropriation bill, inserted for the plaintiff's compensation $1000 only. The council did not at the time expressly declare that the salary should be $1000 only, but it is claimed by counsel for the city that this was the intent and significance of their vote. It may be that if that vote stood alone we must so construe it; but it does not. Throughout the year 1880, the plaintiff's monthly bills at the rate of $100 per month were presented,

certified by the board of public works, and allowed by the common council; and the inference seems very conclusive that the council did not understand they had acted under the Act of 1879 in reduction of the salary. If their action upon the annual appropriation bill could have that effect, their subsequent action, in allowing and paying the higher salary, would be equally effectual to raise it.